COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-05-00219-CR

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

EX PARTE:  VICTOR AGUILAR                        )                346th District Court

                                                                              )

                                                                              )           
of El Paso County, Texas

                                                                              )

                                                                              )              
(TC# 20050D02001)

                                                                              )

 

O
P I N I O N

 

Victor Aguilar
attempts to appeal the trial court=s
denial of his pretrial application for writ of habeas corpus seeking release
pursuant to Article 17.151 of the Texas Code of Criminal Procedure.  The issue before us is whether Appellant
timely filed his notice of appeal.  We
conclude that he did not and dismiss the attempted appeal for want of jurisdiction.

The trial court
denied Appellant=s
application for writ of habeas corpus on May 5, 2005.  Appellant filed his notice of appeal on June
15, 2005, forty one days after the trial court=s
ruling denying the application.

A timely notice of
appeal is necessary to invoke the jurisdiction of this Court.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996).  Tex.R.App.P. 26.2(a) prescribes the
time period in which notice of appeal must be filed by the defendant in order
to perfect appeal in a criminal case:








(a)        By the Defendant.  The notice of appeal must be filed:

 

(1)        within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an
appealable order; or

 

(2)        within 90 days after the day sentence is
imposed or suspended in open court if the defendant timely files a motion for
new trial.

 

Therefore, a defendant=s notice of appeal is timely if filed
within thirty days after the day the trial court enters an appealable
order.  Tex.R.App.P.
26.2(a); Olivo, 918 S.W.2d at 522. 

On June 21, 2005,
this Court notified Appellant that it appeared that we did not have
jurisdiction over this appeal because the notice was not timely perfected.  We further notified Appellant that this
appeal would be dismissed for want of jurisdiction unless any party within ten
days could show grounds for continuing the appeal.  On June 24, 2005, we received Appellant=s response to our notification.  As grounds for continuing the appeal,
Appellant directs our attention to his June 1, 2005 letter to the trial judge
in which he requested a rehearing.  We
understand Appellant to be arguing that his June 1, 2005 letter constitutes a
motion for new trial, which would extend the appellate timetable for filing his
notice of appeal.   According to
Appellant, this letter was hand-delivered to the 346th District Court and a
copy provided to the District Attorney=s
Office was stamp marked as received by their office.  However, the June 1, 2005 letter was not
filed with the District Clerk. 
Therefore, we conclude Appellant did not file a motion for new trial in
this case.








Since Appellant
did not file a motion for new trial, the last date allowed for timely filing of
the notice of appeal was June 4, 2005, thirty days after the day the trial
court entered the order denying the application for writ of habeas corpus.  Tex.R.App.P.
26.2(a)(1).  Appellant did not file his
notice of appeal until June 15, 2005 and failed to file a motion for extension
of time.  See Tex.R.App.P. 26.3; Tex.R.App.P. 10.5(b)(2).  Therefore, Appellant failed to perfect this
appeal.  A notice of appeal which
complies with the requirements of Tex.R.App.P.
26 is essential to vest a court of appeals with jurisdiction over the
appeal.  Slaton v. State, 981
S.W.2d 208, 210 (Tex.Crim.App. 1998).  If
an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Id. at 210.  Under such circumstances, we can take no
action other than to dismiss the appeal. 
See id.

Accordingly, we
dismiss the appeal for want of jurisdiction.

 

 

 

July
7, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)